■ In the Matter of Ivy L. MERES, Appellant, v ROBERT L. BOTSCH, Respondent. [687 NYS2d 799] —Mikoll, J. P. Appeal from that part of an order of the Family Court of Delaware County (Estes, J.), entered May 27, 1998, which, in a proceeding pursuant to Family Court Act article 6, awarded joint legal custody of the parties' child.

For approximately five weeks after the birth of their child, the parties lived together in respondent's home. Following an

altercation with respondent's mother who had come to visit, petitioner left the home with the child and moved in with her parents. She filed a family offense petition against respondent and a petition seeking sole legal and physical custody of the child. Respondent cross-petitioned for joint legal custody.

Based upon certain allegations in the family offense petition, Family Court issued a temporary order of protection, which the parties thereafter agreed to modify to afford respondent limited visitation with his daughter. The modified order apparently expired prior to the hearing and the original temporary order was reinstated. After the hearing, the court found no basis for an order of protection and ordered, *inter alia*, joint legal custody of the child.

Petitioner and the Law Guardian argue that this is not an appropriate case for joint legal custody. The primary consideration in any custody case is the best interest of the child, which requires an assessment of all relevant factors (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89, 94-95). While joint custody is inappropriate where the parties are so embittered as to effectively preclude joint decisionmaking, such an arrangement may be ordered where both parties are fit and loving parents, possess a desire to share in the upbringing of their child and have demonstrated a willingness and ability to set aside their personal differences and work together for the good of their child (*see, Palmer v Palmer*, 223 AD2d 944, 945).

Petitioner makes no claim that respondent is not a fit and loving parent, and considering all of the evidence in the record, including the brief period that the parties and the child lived together as a family unit, there is no basis to conclude that respondent's lack of a larger role in caring for the child was the product of his lack of interest in the child and not the result of his lack of experience and/or petitioner's voluntary assumption of the dominant parental role. Respondent's lack of contact with the child is attributable at least in part to petitioner, who prevented visitation by obtaining the temporary order of protection and thereafter insisting that any visitation be supervised by one of her relatives despite the strained relations between respondent and petitioner's family. Respondent testified that he stopped visitation because he found the situation so uncomfortable that it was impossible to continue.

Respondent conceded that he had not tried to communicate with petitioner during the two or three months prior to the hearing but explained that he believed the pending court proceedings "screw[ed] things up" and "chang[ed] people". It also appears that the original temporary order of protection

was back in effect. Respondent testified that he did not hate petitioner and would have no problem communicating with her if Family Court awarded joint custody. There is no evidence of petitioner's animosity toward respondent and, during petitioner's pregnancy, the parties were able to work together to prepare a room for the child. Petitioner also acknowledged that the involvement of both parents is generally in a child's best interest.

In view of Family Court's superior position to evaluate the testimony, character and sincerity of the parties, we will not disturb its factual findings unless they lack a sound and substantial basis in the record (*see, Matter of Elcock v Elcock,* 241 AD2d 711, 712-713; *Matter of Janus v Janus,* 239 AD2d 712, 713). Where, as here, it does not appear from the record that the parties' relationship is so acrimonious that they are incapable of putting aside their differences and working together to engage in joint decisionmaking with respect to their child's upbringing, we are not inclined to disturb Family Court's award of joint custody (*see, Matter of Burnham v Basta,* 241 AD2d 628, 629, *lv denied* 90 NY2d 812). The order will, therefore, be affirmed.

Mercure, Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.