■ In the Matter of ROBERT TURNER, Appellant, v PAMELA TURNER, Respondent. [689 NYS2d 269] —Yesawich Jr., J. Appeal from an order of the Family Court of Ulster County (Work, J.), entered November 6, 1997, which, *inter alia*, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

At the conclusion of a lengthy hearing, Family Court, finding that respondent was "more in tune" with the parties' daughter, awarded sole custody of the child to her and granted petitioner liberal visitation. Petitioner appeals, arguing that Family Court did not properly evaluate the impact of respondent's baseless allegations that petitioner had sexually abused the child. Essentially, petitioner claims that this alienating conduct adversely affected the child's well-being and interfered with his relationship with her. We agree and therefore reverse Family Court's determination.

A concerted effort by one parent to interfere with the other parent's contact with the child is so inimical to the best interests of the child—the paramount concern in a custody case (see, Matter of De Losh v De Losh, 235 AD2d 851, 852, lv denied 89 NY2d 813; Matter of Buhrmeister v McFarland, 235 AD2d 846, 847)—" 'as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent' " (Finn v Finn, 176 AD2d 1132, 1133, quoting Entwistle v Entwistle, 61 AD2d 380, 384-385; see, Young v Young, 212 AD2d 114, 124). In rejecting that notion, Family Court reasoned that respondent's behavior was the result, not of a desire to alienate petitioner from the child, but was prompted instead by respondent's hypersensitivity to sexual abuse, which she and other members of her family had purportedly experienced in the past. We find this rationale unpersuasive, for it is not respondent's motive that is of import, but rather the effect on the child of respondent's manipulation of the child in relation to these false allegations. Respondent engaged in persistent efforts to interfere with petitioner's right to see the child and, as a consequence of the three petitions filed by respondent accusing petitioner of sexual abuse, his relationship with the child was undeniably affected, at the very minimum by the fact that his visitation privileges were suspended and, when not suspended, he was required to endure supervised visitation.

Moreover, it is doubtful that respondent's behavior did not have a negative effect on the child's growth and development. In this regard, it is worth noting that respondent recited the spurious charges in sexually explicit detail while in the child's presence and encouraged the child to tell others—including the manager of the apartment they occupied—what it was "daddy did to you". Further, respondent had this five-year-old child undergo numerous therapy sessions and subjected her to intrusive physical examinations solely because of respondent's unsubstantiated belief that the child had been violated sexually. Respondent's behavior casts significant doubt upon her

capacity to provide for the emotional and intellectual development of the child (*see, Matter of Louise E. S. v W. Stephen S.*, 64 NY2d 946, 947; *Eschbach v Eschbach*, 56 NY2d 167, 172).

By contrast, while the record reveals that petitioner is not the ideal parent, he is not an unfit one and, as Family Court properly found, does not "lack insight into his daughter's needs". This, coupled with his willingness to foster a good relationship between the child and respondent as evidenced by his testimony that "the best parent is both parents", and to do what is best for the child as attested to by his readiness to attend therapy if necessary, compel the conclusion that he is better suited to be the custodial parent. As a final matter, we decline to address petitioner's request that we take judicial notice of certain postjudgment developments.

Mikoll, J. P., Mercure, Crew III and Graffeo, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, petitioner's petition for custody is granted and respondent's cross petition for custody is denied.