■ In the Matter of WILLIAM DARROW, Respondent, v AMBER BURLINGAME, Appellant. [748 NYS2d 798] —Rose, J. Appeal from an order of the Family Court of Broome County (Whiting Jr., J.H.O.), entered June 14, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

In December 1999, the unmarried parties, while living together at petitioner's residence, stipulated to the issuance of a Family Court order stating that they had joint legal custody of their son, born in August 1998, "with the parties to agree on custodial periods between themselves." The order also prohibited either party from removing the child from Broome County "for residential purposes," without further order of the court. Respondent, the child's mother, ultimately left petitioner's residence with the child in September 2000, but the parties continued to agree on the division of physical custody until a dispute arose in January 2001 after respondent took the child to Virginia. Petitioner then obtained an order to show cause directing, inter alia, that the child "not be taken out of Broome County." Approximately one week later, respondent took the child to Wisconsin and Colorado, prompting petitioner to file two violation petitions. In response, Family Court issued a second order to show cause awarding petitioner temporary sole custody of the child. Respondent then filed a cross petition seeking joint legal custody and primary physical custody of the child.

At the commencement of the hearing on the petitions held in April 2001, counsel for both parties stated on the record that each sought an award of physical custody of the child with liberal visitation to the other and joint legal custody. Following the hearing, the Law Guardian added his support for joint legal custody, and advocated for an award of physical custody to petitioner. Family Court, however, awarded sole custody to petitioner, with liberal visitation to respondent, prompting this appeal by respondent. We agree that Family Court erred in denying joint legal custody, but also find that an award of primary physical custody to petitioner is appropriate.

"It is well settled that joint custody is appropriate where the

parents are able to communicate in a harmonious and reasonable fashion" (*Matter of Thompson v Thompson*, 267 AD2d 516, 518 [citations omitted]; *compare Matter of Oldfield v Robinson*, 267 AD2d 530). The parties here both testified, and the record amply supports the conclusion, that they can cooperate in making joint decisions in matters of importance concerning the child. Under these circumstances, and in light of Family Court's findings that both parents are fit and loving, we find that Family Court's modification of the previous joint custody order lacked "a sound and substantial basis in the record" (*Matter of Oldfield v Robinson, supra* at 531). Accordingly, the best interest of the child requires that we reinstate the joint custody provision of the December 1999 order.

There is, nevertheless, sufficient basis for modification of the December 1999 order by awarding primary physical custody to petitioner. The December 1999 custody order imposed a physical custody arrangement premised on the parties' ability to agree on the extent of their respective custodial periods. Now, however, the parties are unable to agree on the division of physical custody. This change of circumstance is sufficient to require a judicial determination of physical custody for these parties. Our review of the record reveals that placement of primary physical custody of the child with petitioner is supported by evidence that respondent's living arrangements, employment and relationships all contribute to a less stable life-style than petitioner's (*see Matter of Breitung v Trask*, 279 AD2d 677, 679). We find no reason, however, to disturb Family Court's award of liberal visitation to respondent.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as granted petitioner sole custody; joint legal custody of the child is awarded to the parties with petitioner having physical custody; and, as so modified, affirmed.