Rose, J.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered October 5, 2001, which, inter alia, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior ciistody order.
Petitioner and respondent, who never married, are the parents of a child born in 1988. In November 1994, by an order entered upon consent, the parties were awarded joint legal custody with the child’s primary physical residence being with respondent, who was then living in her parents’ home. A subsequent court order, entered in December 1995, continued this joint custody arrangement and modified petitioner’s visitation schedule. The child then continued to reside with respondent and her parents until November 2000 when respondent left their home to reside in an adjoining county.
Petitioner then sought to modify the 1995 order by awarding him primary physical custody of the child, but his petition specifically sought to continue joint custody. Respondent, in turn, filed a petition alleging a violation of visitation. Following *817 a hearing, Family Court dismissed respondent’s petition, denied her request that the assigned judge recuse himself, modified custody by awarding petitioner sole legal custody of the child and granted respondent visitation comparable to that previously provided to petitioner. On appeal, respondent contends that Family Court erred in denying her motion seeking recusal and granting sole custody to petitioner when he did not seek such relief.
While modification of an existing joint custody agreement is warranted where the relationship between joint custodial parents so deteriorates that they are wholly unable to cooperate in making decisions affecting their child (see e.g. Matter of Jemmott v Jemmott, 249 AD2d 838, 839 [1998], lv denied 92 NY2d 809 [1998]), this record does not support such a finding. Although Family Court found that the parties do not communicate well, the testimony at the hearing established that petitioner’s work schedule often makes him unavailable and respondent has an open line of communication through petitioner’s wife. Both parties also acknowledge that they have had direct communication, discussed the child’s discipline and living arrangements, and reached agreement as to some of those issues. This relationship, together with the fact that neither petitioner nor the Law Guardian requested a change to sole legal custody, leads us to conclude that the parties’ relationship was not shown to be “ ‘so acrimonious that they are incapable of putting aside their differences’ ” (Webster v Webster, 283 AD2d 732, 734 [2001], quoting Matter of Meres v Botsch, 260 AD2d 757, 759 [1999]). Thus, it was error to terminate the joint custody arrangement rather than to simply award primary physical custody to petitioner (see Matter of Darrow v Burlingame, 298 AD2d 651, 652 [2002]).
Respondent’s Temaining contention has been examined and found to be without merit given Family Court’s broad discretion in deciding whether or not recusal is appropriate (see Matter of De Ruzzio v De Ruzzio, 288 AD2d 725, 726 [2001]).
Cardona, P.J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded sole legal custody of the child to petitioner; reinstate joint legal custody; and, as so modified, affirmed.