In the Matter of AMANDA B., Appellant, v ANTHONY B., Respondent. (Proceeding No. 1.) In the Matter of ANTHONY B. et al., Respondents, v AMANDA B., Appellant. (Proceeding No. 2.) [787 NYS2d 808]—

Appeal from an order of the Family Court, Steuben County (Marianne Furfure, J.), entered August 22, 2003 in a proceeding pursuant to Family Ct Act article 6. The order, among other things, awarded joint custody of the child to the father and paternal grandmother and visitation to the mother.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Amanda B., the petitioner in proceeding No. 1 and the respondent in proceeding No. 2 (mother), and Anthony B., the respondent in proceeding No. 1 and a petitioner in proceeding No. 2 (father), are the parents of Angela, who was four years old at the time of trial. Angela was born when mother and father were both young, and mother and father relied on the assistance of their parents in raising Angela. The family resided with each set of Angela's grandparents for a while before eventually residing in its own residence. However, following the death of a younger sibling from asphyxiation while sleeping, Angela was placed with her maternal grandmother and mother and father separated. After approximately two years and pursuant to a consensual custody arrangement, custody of Angela was placed with mother and father had visitation. Approximately six months later, mother filed a petition to restrict father's visitation with Angela, and thereafter father and his mother, Margaret R. (paternal grandmother), and his stepfather, John R., who are the petitioners in proceeding No. 2, sought custody of Angela. After the trial, Family Court granted joint custody of Angela to father and paternal grandmother with visitation to mother, and mother now appeals.

We agree with mother that the court erred in not determining whether extraordinary circumstances existed before awarding joint custody to paternal grandmother. It is well settled that a nonparent must establish extraordinary circumstances when seeking custody of a child (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *Matter of Michael G.B. v Angela L.B.*, 219 AD2d 289, 291 [1996]). This is true whether the nonparent is seeking sole custody or joint custody with one of the parents (*see Matter of Ellen K. v John K.*, 186 AD2d 656, 658 [1992]; *Matter of Abaire v Himmelberger*, 163 AD2d 626, 626-627 [1990];

*see also Matter of Blasdell v DeGolier*, 303 AD2d 1045, 1046 [2003]). Although the court did not make a determination on extraordinary circumstances, the record is sufficient for us to make that determination (*see Michael G.B.*, 219 AD2d at 292).

A nonparent must establish "surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" before a parent can be deprived of custody of her child (*Bennett*, 40 NY2d at 544). Here, the record establishes that mother is an unfit parent for Angela because of her repeated allegations of sexual abuse by father that were unfounded and detrimental to the child and her relationship with father. "A concerted effort by one parent to interfere with the other parent's contact with the child is so inimical to the best interests of the child . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent" (*Matter of Turner v Turner*, 260 AD2d 953, 954 [1999] [internal quotation marks omitted]; *see Matter of Taber v Taylor*, 238 AD2d 696, 697-698 [1997]). Mother filed seven reports of suspected sexual abuse of Angela by father during the one year when she had custody of Angela. All seven reports were investigated, including interviews by caseworkers with mother, Angela, father, and paternal grandmother. The State Police were called in to investigate approximately three of the reports. Angela had several medical exams, all of which found no evidence of trauma. All seven reports of suspected abuse were unfounded. Despite the reports being unfounded, mother continued to file new reports, including one filed during the trial. Mother's repeated allegations of sexual abuse had a negative impact on Angela in that she was subjected to numerous interviews with investigators about the allegations and subjected to several intrusive medical examinations. Those examinations were not for the purpose of seeking treatment for Angela, but rather mother testified that they were because she "wanted to have things documented." There were times when mother refused to allow father to have visitation with Angela and when, because of mother's actions in filing petitions in court, father was restricted to supervised visitation. We conclude that the actions by mother were detrimental to Angela and her relationship with father such that mother is unfit to act as the custodial parent, and thus extraordinary circumstances exist for paternal grandmother to seek custody.

We agree with the court that it was in Angela's best interests for father and paternal grandmother to have joint custody. Mother's repeated allegations of sexual abuse that were unfounded support the change in custody (*see Matter of Guidice*

*v Burruano*, 255 AD2d 911 [1998]; *Matter of Beyer v Tranelli-Ashe*, 195 AD2d 972, 973 [1993]). Father demonstrated that he is willing to care for Angela and has the desire to do so, but needs the assistance of his mother, at least temporarily. Father did not have a driver's license at the time of trial, and rode to work with a neighbor from the trailer park where he lives. Both father and paternal grandmother agreed that his current residence, which he shared with a roommate, was not appropriate for Angela, and that Angela would reside with paternal grandmother. Once father obtained a new license in a few months, he could drive himself to work and thus would move back in with paternal grandmother and Angela. We disagree with mother that she has been the primary caretaker of Angela and that stability and continuity in Angela's life would best be advanced by keeping Angela in her custody. The record establishes that Angela has had many caretakers over the course of her young life and has lived in several different residences, including the residence of paternal grandmother. Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.