■ In the Matter of CHARLES H. REED JR., Respondent, v JENNIFER BERNHARDT, Appellant. [823 NYS2d 267]—

Rose, J. Appeal from an order of the Family Court of Schoharie County (Bartlett, III, J.), entered February 16, 2005, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Upon their divorce in 2000, the parties were granted joint legal custody of their two children (born in 1990 and 1992) with primary physical custody to respondent (hereinafter the mother) and visitation to petitioner (hereinafter the father). In 2004, the father petitioned for sole legal custody of the children based primarily upon his concerns that the children were not achieving their full potential in the home-schooling program conducted by the mother. The mother cross-petitioned for sole custody. Following a fact-finding hearing, which included a *Lincoln* hearing with the children, Family Court found that the father had legitimate concerns about the children's education, but that it was in their best interests to give the mother exclusive control over the home-schooling program through the current school year. The court also determined to continue joint custody despite the parties' past lack of cooperation in sharing responsibility for the children's education. Having resolved the immediate educational dispute in favor of the mother, Family Court expected these par-

ties to be able to communicate as to other issues concerning the children. The mother now appeals, arguing that Family Court erred in continuing joint custody.*

Upon our review of the record, we are unable to conclude that Family Court's continuation of joint custody, which obviously resulted from the court's careful consideration of the issues and recognition that both parties are "very caring and dedicated parents," is contrary to the children's best interests. Rather, we find a sound and substantial basis in the record to support the conclusion that the parties' interaction here has not been " 'so acrimonious that they are incapable of putting aside their differences' " (*Webster v Webster*, 283 AD2d 732, 734 [2001], quoting *Matter of Meres v Botsch*, 260 AD2d 757, 759 [1999]; *see Matter of Blanchard v Blanchard*, 304 AD2d 1048, 1049 [2003]; *Matter of Burnham v Basta*, 241 AD2d 628, 629 [1997], *lv denied* 90 NY2d 812 [1997]). Thus, we decline to disturb it.

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Although the father also asks this Court to modify Family Court's order and award him sole custody, his failure to cross-appeal precludes our consideration of his request (*see Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 111 [1993]).