*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 8, 2015                    517648
_____

In the Matter of SHAUN W.
    DORNBURGH,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

JEAN M. YEARRY,
                    Respondent.

(And Six Other Related Proceedings.)
_____

Calendar Date:  November 13, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Egan Jr., JJ.

_____

Rosemarie Richards, Gilbertsville, for appellant.

Joseph Nalli, Fort Plain, for respondent.

Paul G.J. Madison, Stamford, attorney for the child.

_____

Egan Jr., J.

Appeal from an order of the Family Court of Otsego County (Burns, J.), entered September 9, 2013, which, among other things, granted respondent's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2008).  Pursuant to an order entered on consent in September 2010, the parties were awarded joint legal and shared residential custody of the child.  Thereafter, in April 2012, the parties

agreed to a "corrected" order of custody and visitation, which made certain adjustments to each party's parenting time with the child.  Notwithstanding these adjustments, the mother and the father continued to share physical custody of the child – on an essentially equal basis – each week, subject to certain additional periods of parenting time awarded to the mother.

Beginning in November 2012, the parties filed a series of petitions seeking to modify and/or hold each other in violation of the corrected order of custody.  In addition, the mother filed a habeas corpus petition, and the attorney for the child – citing the mother's unresolved mental health and alcohol dependency issues – filed a modification petition on the child's behalf seeking to have the mother's parenting time curtailed and supervised.  A combined fact-finding hearing ensued, at the conclusion of which Family Court, among other things, found the father to twice be in violation of the prior order of custody and awarded the mother sole legal and physical custody of the child. This appeal by the father ensued.

During the course of the fact-finding hearing, the father admitted that he refused to return the child to the mother in November 2012 and, further, that he denied the mother's requests for additional Saturday visitations as outlined in the prior custody order.  Inasmuch as the father's own testimony establishes that he failed to comply with the relevant provisions of the prior custody order (cf. Matter of Paul A. v Shaundell LL., 117 AD3d 1346, 1348 [2014], lv dismissed and denied 24 NY3d 937 [2014]; Matter of Yeager v Yeager, 110 AD3d 1207, 1210 [2013]), we discern no basis upon which to disturb Family Court's finding that the father was in willful violation thereof. Accordingly, Family Court properly granted the mother's violation petitions.

We reach a contrary conclusion, however, with respect to Family Court's resolution of the parties' competing modification petitions.  "A parent seeking to modify an existing custody order bears the burden of demonstrating a sufficient change in circumstances since the entry of the prior order to warrant modification thereof in the child[]'s best interests" (Matter of Paul A. v Shaundell LL., 117 AD3d at 1348 [internal quotation

marks and citations omitted]; accord Matter of Clark v Hart, 121 AD3d 1366, 1367 [2014]).  Although the requisite change in circumstances may be found to exist where "the parties' relationship has deteriorated to a point where there is no meaningful communication or cooperation for the sake of the child" (Matter of Paul A. v Shaundell LL., 117 AD3d at 1348; see Matter of DiMele v Hosie, 118 AD3d 1176, 1177 [2014]; Matter of Sonley v Sonley, 115 AD3d 1071, 1072 [2014]), the record before us falls short of establishing that the mother and father's relationship has become so acrimonious as to preclude an award of joint custody.

To be sure, the father refused to return the child to the mother after the mother was released from an inpatient psychiatric facility in November 2012.  The father testified, however, that he made that decision after consulting with both his attorney and the attorney for the child (cf. Matter of Nelson v Perea, 118 AD3d 1057, 1059 [2014]).  Although the father also arbitrarily imposed a two-week notice requirement when entertaining the mother's requests for additional periods of visitation (for which he properly was admonished) and the parties often squabbled over transportation issues, the record as a whole simply fails to reflect that the previously agreed-upon joint custody arrangement no longer is feasible.  Indeed, the father testified that he and the mother had amicably discussed and resolved issues relative to the child's medical appointments, vacation schedule and her anticipated enrollment in school, and nothing in the mother's testimony suggests that the parties' relationship has deteriorated to the point where they are unable to maintain even "a modicum of communication and cooperation" for the sake of their child (Matter of Blanchard v Blanchard, 304 AD2d 1048, 1049 [2003]; accord Ehrenreich v Lynk, 74 AD3d 1387, 1390 [2010]; compare Matter of Paul A. v Shaundell LL., 117 AD3d at 1348; Matter of Greene v Robarge, 104 AD3d 1073, 1075 [2013]; Matter of Spiewak v Ackerman, 88 AD3d 1191, 1192 [2011]; Matter of Ferguson v Whible, 55 AD3d 988, 990-991 [2008]).

Further, we note that the father's stated basis for seeking sole custody stemmed not from an expressed or demonstrated inability to get along with the mother but, rather, from his concerns regarding the mother's stability in light of her

documented – and undisputed – mental health and alcohol dependency issues.  Similarly, although the mother – both in the context of her modification petition and during the course of her testimony at the hearing – requested that Family Court alter the physical custody arrangement, she did not ask that Family Court award her sole custody of the child (see Matter of Lynch v Tambascio, 1 AD3d 816, 817 [2003]).  Under these circumstances, and inasmuch as the parties otherwise failed to demonstrate a sufficient change in circumstances to warrant modification of the prior custody order, Family Court erred in awarding sole legal and physical custody to the mother.[1]  Although we are – consistent with the child's best interests – reinstating the award of joint legal custody (see Ehrenreich v Lynk, 74 AD3d at 1389-1390; Matter of Blanchard v Blanchard, 304 AD2d at 1149; Matter of Darrow v Burlingame, 298 AD2d 651, 652 [2002]), in view of the length of time that has elapsed since entry of the underlying order and the relative lack of record evidence as to, among other things, the parties' respective employment, financial and living situations, we deem it prudent to remit this matter to Family Court for the fashioning of an appropriate physical custody/visitation arrangement.  The parties' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur.

---

[1]  While by no means determinative, the attorney for the child argues on appeal that Family Court's decision to terminate joint custody lacks a sound and substantial basis in the record.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as awarded sole legal and physical custody to respondent; the parties are awarded joint legal custody and matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court