Matter of Rosen v Rosen (2018 NY Slip Op 04412)





Matter of Rosen v Rosen


2018 NY Slip Op 04412


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

525167

[*1]In the Matter of NINA ROSEN, Appellant,
v
ADAM ROSEN, Respondent.

Calendar Date: April 26, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Stephen L. Molinsek, LLC, Delmar (Stephen L. Molinsek of counsel), for appellant.
Assaf & Siegal PLLC, Albany (David M. Siegal of counsel), for respondent.
Jeffrey S. Berkun, Albany, attorney for the children.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Albany County (Rivera, J.), entered November 15, 2016, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2007 and 2010). Pursuant to a separation and settlement agreement that was incorporated, but not merged, into their November 2014 judgment of divorce, the parties shared joint legal custody of the children, with the mother assuming primary physical custody and the father receiving scheduled parenting
time. Less than eight months later, the mother commenced this proceeding seeking sole legal custody of the children based upon allegations that the father had withheld his consent to certain orthodontic treatment for the older child and refused to permit the younger child to undergo a psychological evaluation. Following a fact-finding hearing, Family Court dismissed the petition, finding, insofar as is relevant here, that the mother failed to meet her burden of demonstrating a sufficient change in circumstances. The mother appeals.
"A parent seeking to modify an existing custody order must first demonstrate that a change in circumstances has occurred since the entry thereof to warrant a review of the children's best interests. If this threshold burden is met, the parent must then demonstrate that modification of the underlying order is necessary to ensure the children's continued best interests" (Matter of Cooper v Williams, ___ AD3d ___, ___, 2018 NY Slip Op 03185, *1 [2018] [internal quotation [*2]marks and citations omitted]; see Matter of Faber v Overbaugh, 156 AD3d 1144, 1145 [2017]). The evidence at the fact-finding hearing primarily centered on the younger child's longstanding behavioral and emotional issues. Testimony was presented that the younger child engaged in disruptive, violent and dangerous behavior beginning as early as July 2014, both at home and at the day-care program she attended. Since the entry of the prior order, the child's conduct escalated to the point where she was dismissed from her day-care program. During that time, the father resisted efforts by the mother to have the child undergo a psychological evaluation, despite recommendations by the child's pediatrician and the director of the day care. In our view, the younger child's increasing serious behavioral issues, and the inability of the parents to come to a common ground with regard to addressing them, constituted a change in circumstances triggering an inquiry into whether modification of the existing order was required in order to ensure the children's continued best interests (see Matter of Ryan v Lewis, 135 AD3d 1135, 1136 [2016]).
While modification of an existing joint legal custody arrangement is warranted where "the parties' relationship has deteriorated to a point where there is no meaningful communication or cooperation for the sake of the child[ren]" (Matter of Dornburgh v Yearry, 124 AD3d 949, 950 [2015] [internal quotation marks and citations omitted]; see Matter of Madelyn Z. v Daniel AA., 154 AD3d 1092, 1093 [2017]; Matter of Gerber v Gerber, 133 AD3d 1133, 1136 [2015], lv denied 27 NY3d 902 [2016]; Matter of Deyo v Bagnato, 107 AD3d 1317, 1318-1319 [2013], lv denied 22 NY3d 851 [2013]), the record before us does not support such a finding. To be sure, there is no question that the parties have differing parenting styles, and the testimonial and documentary evidence presented at the hearing plainly reflects some animosity between the parties. That said, both parents acknowledged the need to work together in a cooperative fashion for the sake of their children and recognized the value of effective co-parenting, and it is uncontroverted that they regularly communicate with one another regarding the children, albeit by text messages and email. While the parties did require Family Court's assistance to resolve their differences with regard to the issue of whether the younger child should be psychologically evaluated, they have been able to discuss and reach an accord on other matters relative to the children's welfare, including dental care, general medical treatment and extracurricular activities.
The record further reflects that, since the prior order, the mother and the father have jointly attended various meetings with the children's teachers and medical providers, wherein their interactions were generally described as cordial. Testimony was also presented that the parties exchange parenting time with no issues and share the children's belongings between the two households, and that the mother even has the access code to the father's garage so that she can enter his home to drop off items for the children. Inasmuch as the mother and the father are fit, loving parents who wish to share in the upbringing of their children, and their relationship has not deteriorated to the point where they are unable to maintain even "a modicum of communication and cooperation" (Matter of Blanchard v Blanchard, 304 AD2d 1048, 1049 [2003]), we find a sound and substantial basis in the record for Family Court's refusal to strip the father of his status as joint legal custodian (see Matter of Ryan v Lewis, 135 AD3d at 1137; Matter of Bailey v Blair, 127 AD3d 1274, 1276 [2015]; Matter of Dornburgh v Yearry, 124 AD3d at 950-951; Ehrenreich v Lynk, 74 AD3d 1387, 1390 [2010]; see also Matter of Finkle v Scholl, 140 AD3d 1290, 1292 [2016]).[FN1]
In light of our determination, we need not address the parties' arguments with regard to Family Court's alternative ground for dismissal of the petition.
Garry, P.J., Egan Jr., Clark and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: We are mindful that the attorney for the children argues in favor of an award of sole legal custody to the mother, but that position — although worthy of consideration — is not binding upon either Family Court or this Court (see Funaro v Funaro, 141 AD3d 893, 895-896 [2016]; Matter of DiMele v Hosie, 118 AD3d 1176, 1178-1179 [2014]; Matter of Virginia C. v Donald C., 114 AD3d 1032, 1035-1036 [2014]).