Matter of Richard L. v Kristen M. (2019 NY Slip Op 05348)





Matter of Richard L. v Kristen M.


2019 NY Slip Op 05348


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

525625

[*1]In the Matter of RICHARD L., Appellant,
v
KRISTEN M., Respondent. (Proceeding No. 1.) (And Another Related Proceeding.)
In the Matter of KRISTEN M., Respondent,
v
RICHARD L., Appellant. (Proceeding No. 3.) (And Four Other Related Proceedings.)

Calendar Date: June 3, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Aarons, JJ.


Larkin, Ingrassia & Tepermayster, LLP, Newburgh (Azra J. Khan of counsel), for appellant.
Theodore J. Stein, Woodstock, for respondent.
Betty J. Potenza, Highland, attorney for the child.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered July 5, 2017, which, among other things, granted petitioner's application, in proceeding No. 3 pursuant to Family Ct Act article 6, to modify a prior order of custody.
Richard L. (hereinafter the father) and Kristen M. (hereinafter the mother) are the parents of a son (born in 2008). Family Court awarded the parties joint legal custody of the child in a 2013 consent order, with the mother having primary physical custody and the father having specified parenting time and any agreed-upon additional time. The mother thereafter filed two modification petitions that were resolved in a February 2016 agreement and ensuing consent order that, among other things, maintained the father's specified parenting time and required the [*2]parties to communicate via text message. Multiple modification petitions were then filed by the parties between February 2016 and April 2016. Following a hearing, which included a Lincoln hearing, Family Court found that the father's modification petitions should be dismissed due to his failure to address the 2016 order or establish that circumstances had changed since its issuance. Family Court also found that the mother did make out a change in circumstances upon her modification petition and, after reviewing the best interests of the child, awarded sole legal and physical custody of the child to her while maintaining the father's specified parenting time. The father appeals from the order entered thereon.
"A parent seeking to modify a prior order of custody and visitation is required to demonstrate that a change in circumstances has occurred since entry thereof that then warrants the court engaging in an analysis as to the best interest of the child" (Matter of Naquan V. v Tia W., 172 AD3d 1467, ___, 99 NYS3d 491, 493 [2019] [citations omitted]; see Matter of Shokralla v Banks, 130 AD3d 1263, 1264 [2015]). Deferring to the factual findings of Family Court that both parties are capable and devoted parents, we agree with its apparent assessment that nothing in their behavior toward the child constituted a change in circumstances (see Matter of Richard II. v Stephanie JJ., 163 AD3d 1073, 1076-1077 [2018]). Family Court did perceive a negative change in the parties' ability to communicate, referencing the mother's decision in 2015 to stop voluntary overnight visitation between the father and the child during the week, as well as the father's lack of punctuality, his failure to adequately confer with the mother about the child's numerous medical appointments and his persistence in contacting the mother with requests that included his desire for more parenting time. To the extent that those issues actually arose or became worse after the issuance of the 2016 order, however, the hearing testimony reflected that the parties agreed in most respects on how to care for the child, still communicated directly or through a third party about him and believed that better cooperation was possible going forward. Neither the parties nor the attorney for the child argued for an award of sole legal custody due to a breakdown in communication and, notably, the attorney for the child agrees with the father on appeal that the award was not called for. There is accordingly no proof that the parties' relationship had become so acrimonious since the issuance of the 2016 order "that they [were] incapable of putting aside their differences" for the sake of the child, and Family Court's finding of a change in circumstances is not supported by a sound and substantial basis in the record (Matter of Blanchard v Blanchard, 304 AD2d 1048, 1049 [2003] [internal quotation marks and citations omitted]; see Matter of Dornburgh v Yearry, 124 AD3d 949, 950-951 [2015]; Ehrenreich v Lynk, 74 AD3d 1387, 1388-1390 [2010]; see also Matter of Rosen v Rosen, 162 AD3d 1283, 1284-1285 [2018]).
Although we are reinstating the award of joint legal custody in the 2016 order, we are leaving in place a modification, consented to by the parties, that the father will forfeit his next period of custodial time if he is more than 15 minutes late in returning the child from their weeknight visits. Finally, the father did not preserve his contention that the attorney for the child improperly substituted his judgment for that of the child in his written summation (see Matter of Audreanna VV. v Nancy WW., 158 AD3d 1007, 1011 [2018]), but we take this opportunity to reiterate that attorneys for the child shall advocate for the child's wishes unless the attorney believes that the child "lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child" (22 NYCRR 7.2 [d] [3]; see Matter of Cunningham v Talbot, 152 AD3d 886, 886-887 [2017]).
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as awarded Kristin M. sole legal custody of the child; the parties are awarded joint legal custody of the child; and, as so modified, affirmed.