Matter of Torres v Pfeiffer (2025 NY Slip Op 00758)

Matter of Torres v Pfeiffer

2025 NY Slip Op 00758

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, NOWAK, AND KEANE, JJ.

104 CAF 23-01437

[*1]IN THE MATTER OF TREVOR TORRES, PETITIONER-RESPONDENT,
v
KATRINA A. PFEIFFER, RESPONDENT-APPELLANT. 

NIXON PEABODY LLP, ALBANY (ERIC FERRANTE OF COUNSEL), FOR RESPONDENT-APPELLANT.
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR PETITIONER-RESPONDENT.
SCOTT A. OTIS, WATERTOWN, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Jefferson County (Eugene R. Renzi, J.), entered August 1, 2023, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner sole custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, modified a prior custody order by awarding sole custody of the subject child to petitioner father and setting forth a schedule for the mother's visitation. We reject the mother's threshold contention that Family Court erred in determining that the father established that there had been a change in circumstances after entry of the prior order sufficient to warrant an inquiry into whether modification of the existing custody arrangement is in the best interests of the child (see Matter of Chromczak v Salek, 173 AD3d 1750, 1751 [4th Dept 2019]; Matter of Greene v Kranock, 160 AD3d 1476, 1476 [4th Dept 2018]). A sufficient change in circumstances arose from, among other things, evidence that, after entry of the prior custody order, the mother had repeatedly made false reports to authorities that the father had sexually abused the child. Additionally, after entry of the prior custody order the mother had been charged with custodial interference and criminal contempt for removing the child from school without permission and attempting to drive him out of state in violation of an order granting temporary custody to the father. The mother later pleaded guilty to a lesser offense. There was also credible evidence adduced at the hearing establishing that the mother attempted to alienate the child from the father after entry of the prior custody order.
The mother further contends that, even if a sufficient change of circumstances was established, the court improperly weighed the relevant factors in determining that an award of sole custody to the father is in the best interests of the child. We reject that contention. "The court's determination in a custody matter is entitled to great deference and will not be disturbed where . . . it is based on a careful weighing of appropriate factors" (Matter of Stanton v Kelso, 148 AD3d 1809, 1810 [4th Dept 2017] [internal quotation marks omitted]; see generally Fox v Fox, 177 AD2d 209, 210-211 [4th Dept 1992]). "Those factors include: (1) the continuity and stability of the existing custodial arrangement, including the relative fitness of the parents and the length of time the present custodial arrangement has continued; (2) the relative quality of each parent's home environment; (3) each parent's ability to provide for the child's emotional and intellectual development; (4) the parents' relative financial status and ability to provide for the child; (5) the child's wishes; and (6) the need of the child to live with siblings" (Matter of Krier v Krier, 178 AD3d 1372, 1373 [4th Dept 2019]).
Here, the evidence established that both parents loved the child and both were able to care for the child in a suitable home and nurturing environment. While certain factors favored the mother, others favored the father. For example, the mother was the child's primary caregiver until he was five years old and performed well in that role. By the time the hearing concluded, however, the child had been living primarily with the father and the child's half-siblings pursuant to a temporary custody order for two-and-a-half years, and the evidence established that the child was doing well in the father's home.
Nevertheless, the evidence of the mother's animosity toward the father and attempts to interfere with his contact with the child through false allegations of sexual abuse supports the court's determination to award the father sole custody of the child (see Matter of Grabowski v Smith, 182 AD3d 1002, 1003 [4th Dept 2020], lv denied 35 NY3d 910 [2020]; Matter of Amanda B. v Anthony B., 13 AD3d 1126, 1127-1128 [4th Dept 2004]; Matter of Turner v Turner, 260 AD2d 953, 954 [3d Dept 1999]). Thus, after review of all of the relevant factors, we conclude that the court's award of custody to the father with liberal visitation to the mother is supported by a sound and substantial basis in the record (see Matter of Ridall v Jones, 230 AD3d 1548, 1549 [4th Dept 2024]; Matter of Doner v Flora, 229 AD3d 1158, 1158 [4th Dept 2024]).
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court