quotation marks omitted]; *see Matter of Petkovsek v Snyder* [appeal No. 2], 251 AD2d 1085, 1085 [1998]). Present—Scudder, P.J., Centra, Carni, Sconiers and Martoche, JJ.

■ In the Matter of NINA E. HAWTHORNE, Appellant, v JASON L. HALL, Respondent. (Appeal No. 2.) [951 NYS2d 688]—

Same memorandum as in *Hall v Hawthorne* (99 AD3d 1237 [2012]). Present—Scudder, P.J., Centra, Carni, Sconiers and Martoche, JJ.

■ In the Matter of NINA E. HAWTHORNE, Appellant, v JASON L. HALL, Respondent. (Appeal No. 3.) [951 NYS2d 447]—

Same memorandum as in *Hall v Hawthorne* (99 AD3d 1237 [2012]). Present—Scudder, P.J., Centra, Carni, Sconiers and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR T. ANDERSON, Appellant. [951 NYS2d 448]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [1]). Defendant failed to preserve for our review his contention that County Court failed to conduct a sufficient inquiry pursuant to *People v Outley* (80 NY2d 702 [1993]) into his violation of the conditions of the plea agreement before imposing an enhanced sentence (*see generally People v Vaillant*, 77 AD3d 1389, 1389-1390 [2010]; *People v Dietz*, 66 AD3d 1400, 1400 [2009], *lv denied* 13 NY3d 906 [2009]). Further, inasmuch as defendant conceded that he had lost his sentence cap because of a violation of the conditions of his plea agreement, the court had no independent duty to conduct such an inquiry (*see People*