# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**954**
**CAF 11-01897**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

IN THE MATTER OF JASON L. HALL,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

NINA E. HAWTHORNE, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, BUFFALO, FOR PETITIONER-RESPONDENT.

COURTNEY S. RADICK, ATTORNEY FOR THE CHILD, OSWEGO, FOR DECEMBER R.H.

---

Appeal from an order of the Family Court, Oswego County (Bobette J. Morin, R.), entered August 25, 2011 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, enforced the Family Court order entered December 12, 2008.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Nina E. Hawthorne, the respondent in appeal No. 1 and the petitioner in appeal Nos. 2 and 3 (mother), appeals from three orders entered in proceedings brought pursuant to Family Court Act article 6. The orders granted the petition of Jason L. Hall, the petitioner in appeal No. 1 and the respondent in appeal Nos. 2 and 3 (father), to enforce a prior order of custody and visitation entered upon stipulation of the parties on December 12, 2008 (2008 custody and visitation order) and dismissed the mother's petitions for a modification of custody and visitation and for enforcement of an order of visitation.

The mother contends that reversal is required based on Family Court's refusal to allow her to present evidence that the father allegedly abused the child. We reject that contention. The court properly limited the proof to incidents that occurred after the 2008 custody and visitation order was entered (*see Matter of Risman v Linke*, 235 AD2d 861, 861-862; *see generally Matter of Tarrant v Ostrowski*, 96 AD3d 1580, 1581). Moreover, although "[i]t is well settled that there is an exception to the hearsay rule in custody cases involving allegations of abuse and neglect of a child . . . where . . . the statements are corroborated" (*Matter of Sutton v Sutton*, 74 AD3d 1838, 1840 [internal quotation marks omitted]; *see*

*Matter of Mateo v Tuttle*, 26 AD3d 731, 732), the mother failed to offer any evidence to corroborate the child's out-of-court statements and, therefore, the court's preclusion of those statements was proper.

Contrary to the mother's further contention, the court properly determined that enforcement of the 2008 custody and visitation order is in the child's best interests (*see generally Wiles v Wiles*, 171 AD2d 398, 399; *Sturm v Lyding*, 96 AD2d 731, 731). Finally, the court properly dismissed the mother's enforcement petition inasmuch as she "failed to establish that the father willfully violated a clear mandate of the prior order or that his conduct defeated, impaired, impeded, or prejudiced any right or remedy to which she was entitled" (*Matter of Oravec v Oravec*, 89 AD3d 1475, 1475 [internal quotation marks omitted]; *see Matter of Petkovsek v Snyder* [appeal No. 2], 251 AD2d 1085, 1085).

Entered:  October 5, 2012

Frances E. Cafarell
Clerk of the Court