Matter of Chance C. (Jennifer S.) (2018 NY Slip Op 06642)





Matter of Chance C. (Jennifer S.)


2018 NY Slip Op 06642


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


902 CAF 17-00779

[*1]IN THE MATTER OF CHANCE C. AND CRYSTAL C. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; JENNIFER S., RESPONDENT-APPELLANT, AND PAUL C., RESPONDENT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT. 
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (ANN MAGNARELLI OF COUNSEL), FOR PETITIONER-RESPONDENT. 
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered March 28, 2017 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, adjudged that the subject children were neglected by respondent Jennifer S. and placed respondent Jennifer S. under the supervision of petitioner for a period of 12 months. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law without costs and the petition against respondent Jennifer S. is dismissed.
Memorandum: In this child neglect proceeding, respondent mother appeals from an order that, inter alia, adjudged that she neglected the subject children and ordered that she have supervised visitation with them. We agree with the mother that Family Court's neglect adjudication with regard to her is not supported by a preponderance of the evidence. We therefore reverse the order insofar as appealed from and dismiss the petition against the mother.
A neglected child is defined as, among other things, "a child less than eighteen years of age . . . whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]). Thus, to establish neglect, the petitioner must establish that, as a result of the parent's failure to exercise a minimal degree of parental care, the children have been placed in "actual (or imminent danger of) physical, emotional or mental impairment" (Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]). If the petitioner relies on an imminent danger of impairment, then such danger must be "near or impending, not merely possible" (id.).
Here, petitioner alleged that the danger was the result of the mother's mental illness. "[E]vidence of mental illness, alone, does not support a finding of neglect, [but] such evidence may be part of a neglect determination when the proof further demonstrates that a respondent's condition creates an imminent risk of physical, mental or emotional harm to a child" (Matter of Sean P. [Brandy P.], 156 AD3d 1339, 1340 [4th Dept 2017], lv denied 31 NY3d 903 [2018] [internal quotation marks omitted]). The court's "findings of fact are accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of [*2]Kaleb U. [Heather V.—Ryan U.], 77 AD3d 1097, 1098 [3d Dept 2010]; see Matter of Arianna M. [Brian M.], 105 AD3d 1401, 1401 [4th Dept 2013], lv denied 21 NY3d 862 [2013]).
Here, the court determined that the mother neglected the children by forgetting to feed them, but the only evidence of such a danger is the uncorroborated out-of-court statement of one of the children. The mother failed to preserve for our review her contention that the court erred in relying on that child's uncorroborated statement (see Matter of Katy Z., 265 AD2d 932, 933 [4th Dept 1999]). Nevertheless, we exercise our power to review that contention as a matter of discretion in the interest of justice. Although "[i]t is well settled that there is an exception to the hearsay rule in custody cases involving allegations of abuse and neglect of a child . . . where . . . the statements are corroborated" (Matter of Sutton v Sutton, 74 AD3d 1838, 1840 [4th Dept 2010] [internal quotation marks omitted]; see Matter of Hall v Hawthorne, 99 AD3d 1237, 1238 [4th Dept 2012]; Matter of Mateo v Tuttle, 26 AD3d 731, 732 [4th Dept 2006]), "repetition of an accusation by a child does not corroborate the child's prior account of [neglect]" (Matter of Nicole V., 71 NY2d 112, 124 [1987]; see Matter of Brooke T. [Justin T.], 156 AD3d 1410, 1411 [4th Dept 2017]; Matter of Heidi CC., 270 AD2d 528, 529 [3d Dept 2000]). Here, there was no corroboration of the one child's out-of-court statement, and thus the court erred in relying upon it to conclude that neglect occurred.
The court's further determination that the mother stopped taking her medication, and "that without . . . psychotropic medication [the] mother's mental health could rapidly deteriorate and she would endanger the safety and well-being of the children," is belied by the testimony of the mother's counselor, the only witness who testified on that issue. The mother's counselor testified that the mother had been properly weaned off of those medications because they were impeding her functionality, and that the mother's ability to parent the children had increased after she successfully stopped taking those medications.
Consequently, based on the lack of evidence establishing that the mother's actions created an "actual (or imminent danger of) physical, emotional or mental impairment to the child" (Nicholson, 3 NY3d at 369), we conclude that the court's finding of neglect with respect to the mother is not supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court