Matter of Common v Pirro (2020 NY Slip Op 03300)





Matter of Common v Pirro


2020 NY Slip Op 03300


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


104 CAF 18-01194

[*1]IN THE MATTER OF STACY COMMON, NOW KNOWN AS STACY COSTELLO, PETITIONER-RESPONDENT,
v
JOHN PIRRO, RESPONDENT-APPELLANT. 
IN THE MATTER OF JOHN PIRRO, PETITIONER-APPELLANT,
v
STACY COMMON, NOW KNOWN AS STACY COSTELLO, RESPONDENT-RESPONDENT. 






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.
RANDY S. MARGULIS, WILLIAMSVILLE, FOR PETITIONER-RESPONDENT AND RESPONDENT-RESPONDENT.
KEVIN C. CONDON, EDEN, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Erie County (Michael F. Griffith, A.J.), entered May 17, 2018 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, denied the petition of John Pirro seeking primary physical residence of the parties' three children. 
It is hereby ORDERED that said appeal from the order insofar as it concerns the parties' oldest child is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent-petitioner father appeals from an order that, inter alia, denied his petition seeking to modify a prior custody agreement by granting him primary physical residence of the parties' three children and otherwise continued joint custody and primary physical residence with petitioner-respondent mother. We note at the outset that, while this appeal was pending, Family Court entered an order upon consent of the parties that modified the custody and visitation arrangement by, inter alia, granting the father primary physical residence of the parties' oldest child. That order renders the appeal moot insofar as it concerns the oldest child (see Matter of Smith v Cashaw, 129 AD3d 1551, 1551 [4th Dept 2015]).
The father contends that the court erred in denying his petition with respect to the parties' two other children because the record demonstrates that the mother is unfit to act as a custodial parent. " Even assuming, arguendo, that the father met his threshold burden of demonstrating a change in circumstances sufficient to justify a best interests analysis' " (Matter of Latray v Hewitt, 181 AD3d 1175, 1176 [4th Dept 2020]), we reject the father's contention. Although "[a] concerted effort by one parent to interfere with the other parent's contact with the child[ren] is so inimical to the best interests of the child[ren] . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent" (Matter of Amanda B. v Anthony B., 13 AD3d 1126, 1127 [4th Dept 2004] [internal quotation marks omitted]), we conclude that the record in this case does not establish that the mother engaged in such an effort (cf. Matter of [*2]Ballard v Piston, 178 AD3d 1397, 1398 [4th Dept 2019]; Amanda B., 13 AD3d at 1127). Contrary to the father's further contention, the court properly considered the appropriate factors in making its custody determination (see generally Eschbach v Eschbach, 56 NY2d 167, 171-173 [1982]; Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]). The court's determination with respect to the children's best interests "is entitled to great deference and will not be disturbed [where, as here,] it is supported by a sound and substantial basis in the record" (Sheridan v Sheridan, 129 AD3d 1567, 1568 [4th Dept 2015]; see Fox, 177 AD2d at 211-212).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court