Matter of Kerr v Kerr (2020 NY Slip Op 05392)





Matter of Kerr v Kerr


2020 NY Slip Op 05392


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


807 CAF 19-01509

[*1]IN THE MATTER OF AIMEE KERR, PETITIONER-APPELLANT,
v
DENNIS KERR, RESPONDENT-RESPONDENT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR PETITIONER-APPELLANT. 
MICHAEL A BENSON, SPRINGVILLE, FOR RESPONDENT-RESPONDENT. 
EMILY A. VELLA, SPRINGVILLE, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Cattaraugus County (Moses M. Howden, J.), entered June 5, 2019 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, determined that respondent's live-in girlfriend shall not be required to be supervised when interacting with the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that, inter alia, determined that the live-in girlfriend of respondent father shall not be required to be supervised when interacting with the subject children. Contrary to the contention of the mother, we conclude that the determination of Family Court is supported by a sound and substantial basis in the record and should not be disturbed (see Matter of Common v Pirro, 184 AD3d 1087, 1088 [4th Dept 2020]; Sheridan v Sheridan, 129 AD3d 1567, 1568 [4th Dept 2015]). Although the father's girlfriend acknowledged that she had a lengthy criminal history and past substance abuse issues that led to her losing custody of her own children, the court credited the girlfriend's testimony that she had been drug free for seven years, was employed, and had been a law-abiding citizen since her most recent conviction in 2012. The court also credited the testimony of the girlfriend's sister and mother, who had no concerns about the girlfriend interacting with children. We see no basis to disturb the court's credibility determination, which is entitled to great deference (see Matter of Garland v Goodwin, 13 AD3d 1059, 1059-1060 [4th Dept 2004]).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court