Matter of Janowsky v Monte (2021 NY Slip Op 07407)





Matter of Janowsky v Monte


2021 NY Slip Op 07407


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


1001 CAF 20-00198

[*1]IN THE MATTER OF MICHAEL JANOWSKY, PETITIONER-APPELLANT,
v
EMILY MONTE, RESPONDENT-RESPONDENT. 






CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-APPELLANT.
DAVID J. PAJAK, ALDEN, FOR RESPONDENT-RESPONDENT. 
MARY ANNE CONNELL, BUFFALO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered November 6, 2019 in a proceeding pursuant to Family Court Act article 6. The order denied the petition. 
It is hereby ORDERED that said appeal insofar as it concerns the older child is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order that denied his petition seeking to modify a prior order of custody and visitation, entered upon consent, by affording him increased visitation with respect to the two subject children while he was incarcerated, as well as other ancillary relief. The appeal is moot with respect to the older child because she is now 18 years old (see Matter of Richter v Richter, 187 AD3d 1592, 1592-1593 [4th Dept 2020]).
With respect to the younger child, inasmuch as the father is no longer incarcerated, his request for prison visitation is moot (see Matter of April L.S. v Joshua F., 173 AD3d 1675, 1677 [4th Dept 2019]; Matter of Ryan M.B. v Mary R., 43 AD3d 1304, 1304 [4th Dept 2007]). As for the remaining relief sought by the father, where, as here, the parties' existing custody arrangement is based upon a consent order, Family Court "cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the child[ ]" (Matter of Hight v Hight, 19 AD3d 1159, 1160 [4th Dept 2005] [internal quotation marks omitted]; see Matter of McKenzie v Polk, 166 AD3d 1529, 1529 [4th Dept 2018]). Although the father established a change in circumstances under the terms specified in the prior consent order, we conclude that, contrary to the father's contention, a "sound and substantial basis in the record" supports the court's determination that the father failed to establish that the requested modifications would be in the best interests of the younger child (Matter of Suarez v Williams, 134 AD3d 1479, 1480 [4th Dept 2015]), and we therefore will not disturb that determination.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court