S.P. v M.P. (2022 NY Slip Op 04495)

S.P. v M.P.

2022 NY Slip Op 04495

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND WINSLOW, JJ.

512 CA 21-00160

[*1]S.P., PLAINTIFF-APPELLANT,
v
M.P., DEFENDANT-RESPONDENT. 

S.P., PLAINTIFF-APPELLANT PRO SE. 
VERA A. VENKOVA, BUFFALO, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Supreme Court, Niagara County (Daniel Furlong, J.), dated September 2, 2020. The order denied the application of plaintiff for sole custody of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff mother appeals from an order denying her application to modify the parties' existing custody and access agreement (CA agreement) by awarding her sole custody of the subject children. We reject the mother's contention that Supreme Court erred in denying her application. Assuming, arguendo, that the mother "met [her] threshold burden of demonstrating a change in circumstances sufficient to justify a best interests analysis" (Matter of William F.G. v Lisa M.B., 169 AD3d 1428, 1430 [4th Dept 2019]), we conclude that the court's determination that the existing custody arrangement is in the children's best interests is supported by a sound and substantial basis in the record (see generally Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Janowsky v Monte, 200 AD3d 1694, 1695 [4th Dept 2021]; Matter of Common v Pirro, 184 AD3d 1087, 1088 [4th Dept 2020]).
We also reject the mother's contention that the court erred in refusing to allow her to present evidence in support of her allegations that defendant father abused the subject children. The court properly limited the proof to incidents that occurred after the parties entered into the CA agreement (see Matter of Hall v Hawthorne, 99 AD3d 1237, 1238 [4th Dept 2012]). Moreover, although there is an exception to the hearsay rule in custody cases involving allegations of abuse and neglect of a child where the statements are corroborated, the mother failed to offer any evidence to corroborate the children's out-of-court statements and, therefore, the court's preclusion of those statements was proper (see id.). In addition, the court properly precluded testimony of a child protective services caseworker and the admission in evidence of the related investigatory file because the mother failed to establish the applicability of a statutory provision allowing her to introduce the unfounded child protective service reports or testimony concerning those reports (see Matter of Brown v Simon, 123 AD3d 1120, 1122 [2d Dept 2014], lv denied 25 NY3d 902 [2015]; Matter of Brockington v Alexander, 26 AD3d 884, 885 [4th Dept 2006]; Matter of Humberstone v Wheaton, 21 AD3d 1416, 1417 [4th Dept 2005]).
Contrary to the mother's contention, the court properly denied her motions seeking to disqualify the Attorney for the Child (AFC) (see generally Matter of Giohna R. [John R.], 179 AD3d 1508, 1509 [4th Dept 2020], lv dismissed in part and denied in part 35 NY3d 1003 [2020]; Matter of Athoe v Goodman, 170 AD3d 1532, 1533 [4th Dept 2019]; Matter of Brooks v Greene, 153 AD3d 1621, 1622 [4th Dept 2017]). The contentions raised by the mother for the first time in her reply brief are not properly before us (see Matter of Carroll v Chugg, 141 AD3d 1106, 1106 [4th Dept 2016]; Cunningham v Cunningham, 137 AD3d 1704, 1705 [4th Dept 2016]). We have considered the mother's remaining contentions and conclude that none [*2]warrants modification or reversal of the order.
The issues raised by the AFC are not properly before us inasmuch as the AFC did not file a notice of appeal (see Matter of Noble v Gigon, 165 AD3d 1640, 1641 [4th Dept 2018], lv denied 33 NY3d 902 [2019]; Carroll, 141 AD3d at 1106).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court