■ KIMBERLY REISLER, Respondent, v GEOFFREY PHILLIPS, Appellant. [748 NYS2d 727] —Order, Supreme Court, New York County (Emily Goodman, J.), entered April 11, 2002, which, in

a proceeding to modify a California joint custody order, after trial, awarded plaintiff mother custody of the parties' child with visitation to defendant father, unanimously modified, on the facts, to increase defendant's visitation to two overnight visits per week and alternate weekends, which shall begin on Fridays at 5:00 P.M., and end on Sundays at 5:00 P.M. and otherwise affirmed, without costs.

The parties were divorced in California, having temporarily moved there from New York where they were married and had their only child. Prior to the divorce, the California court had so-ordered a stipulation in which the parties agreed to joint custody and to move back to New York, separately, in the near future. Thereafter, apparently after the parties had both returned to New York, the California court, at plaintiff's initiative, held a custody hearing, but, after two days of testimony, declared California to be an inconvenient forum in view of the parties' substantial contacts with and return to New York. Its order further directed that "the current custody/visitation order [incorporating the parties' stipulation] remain in effect until modified by the New York court, if and when noticed motions produce such modification." Plaintiff immediately commenced the instant action for sole custody. A challenge by defendant to the court's jurisdiction was unsuccessful (282 AD2d 383).

The trial court applied the appropriate standard in modifying the California order and awarding plaintiff sole custody, namely, the child's best interests in the totality of the circumstances (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 93-94). Unlike Family Court (*see* Family Ct Act § 467), Supreme Court is not required to find a change of circumstances prior to modifying a custody order. The trial court also gave the California joint custody order "due consideration" as required by Domestic Relations Law former § 75-o (2), i.e., the same deference any California or New York court would have given that order, taking into account that it was expressly intended only to temporarily maintain the status quo in accordance with the parties' stipulation pending de novo proceedings in New York (*see Friederwitzer*, 55 NY2d at 94-95). Nor did the trial court err in adopting the findings of both its own and the California court's forensic experts that the parties' acrimony made joint decision-making not feasible, while rejecting the experts' proposed solution of joint custody conditioned on the continuing presence of a court-appointed mediator to resolve disagreements as they arose (*see Braiman v Braiman*, 44 NY2d 584, 589-590; *Chait v Chait*, 215 AD2d 238). Ample evidence sup-

ports the finding of acrimony making joint custody inappropriate.

Although the trial court afforded defendant discretion over the child's religious education and training by enrolling the child in a religious studies program for up to two hours per week during defendant's visitation time, it limited defendant's visitation so as to render this right meaningless.

We modify as to the visitation schedule set forth by the trial court to the sole extent of increasing defendant's visitation to two overnight visits during the week and to alternate weekends which shall begin on Friday at 5:00 P.M. to Sunday at 5:00 P.M. In all other respects, the visitation schedule remains in effect. This modified visitation schedule shall commence forthwith and shall remain in effect during the present school year and when the child enters the first grade and for successive years.

We have considered and rejected defendant's other arguments. Concur—Lerner, J.P., Rubin, Friedman and Gonzalez, JJ.