■ In the Matter of FRANCES M., Appellant, v JORGE M., Respondent. [945 NYS2d 308]—

Order, Family Court, Bronx County (Jennifer S. Burtt, Ref.), entered on or about October 12, 2010, which, after a fact-finding hearing, awarded sole physical and legal custody of the subject child to respondent father with visitation to petitioner mother according to an attached order of visitation, unanimously modified, on the facts, to provide that petitioner have visitation on Mother's Day from 10:00 A.M. until 7:00 P.M., the child's birthday from 10:00 A.M. until 3:00 P.M., and, in even years, the Thanksgiving holiday, beginning the Wednesday before Thanksgiving at 5:30 P.M. until the Friday after Thanksgiving at 12:00 P.M., and otherwise affirmed, without costs.

The Referee's determination that the child's best interests would be served by awarding custody to respondent, has a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Indeed, the evidence shows that respondent has provided a healthy, stable environment for the child

and has provided for the child's needs since the child was paroled to him in 2000, after a finding of neglect against petitioner. By contrast, the evidence shows that petitioner suffers from emotional, physical, and financial issues that prevent her from putting the child's needs before her own. Based on the parties' acrimonious relationship, joint decision making is not in the child's best interests (*see Reisler v Phillips*, 298 AD2d 228, 229-230 [2002]).

We modify the visitation schedule to the extent indicated (*see generally Matter of Blanchard v Blanchard*, 304 AD2d 1048, 1050 [2003]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.