■ In the Matter of Frances M., Appellant, v Jorge M., Respondent. [952 NYS2d 482]—

The Referee's determination that the child's best interests would be served by awarding custody to respondent has a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Indeed, the evidence shows that respondent has provided a healthy, stable environment for the child and has provided for the child's needs since the child was paroled to him in 2000, after a finding of neglect against petitioner. By contrast, the evidence shows that petitioner suffers from emotional, physical, and financial issues that prevent her from putting the child's needs before her own. Based on the parties' acrimonious relationship, joint decision making is not in the child's best interests (*see Reisler v Phillips*, 298 AD2d 228, 229-230 [1st Dept 2002]).

. We modify the visitation schedule to the extent indicated (*see generally Matter of Blanchard v Blanchard*, 304 AD2d 1048, 1050 [3d Dept 2003]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.

The Decision and Order of this Court entered herein on June 5, 2012 (96 AD3d 424 [2012]) is hereby recalled and vacated (*see* 2012 NY Slip Op 85970[U] [decided simultaneously herewith]).