■ KARIM R., Respondent, v SALAMATOU S., Appellant. [38 NYS3d 426]—

Order, Family Court, Bronx County (Ruben A. Martino, J.), entered on or about May 31, 2015, which, to the extent appealed from as limited by the briefs, awarded sole legal and physical custody of the parties' children to petitioner father with visitation to respondent mother, unanimously affirmed, without costs.

The Family Court's determination was based upon a thoughtful assessment of the parties' testimony and credibility, and has a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]). Although the mother was the primary caretaker of the children until August 2013, since that time, the children have lived with the father in a stable and loving home, where they have thrived. The evidence establishes that the father has lived continuously in the same apartment, is gainfully employed and financially supports the children, has been active in their education, medical care and daily care, and has addressed their special needs (*see Matter of Charmaine L. v Kenneth D.*, 76 AD3d 910, 910 [1st Dept 2010], *lv denied* 16 NY3d 702 [2011]).

By contrast, the record is replete with concerns about the mother's lack of judgment and parenting skills, and the chil-

dren's needs have suffered in her care. In addition, the mother has a history of neglect cases (*see Matter of Graves v Stockigt*, 79 AD3d 1170, 1171 [3d Dept 2010]). Unlike the mother, the father has placed the children's needs above his own, and has the capacity to fulfill those needs (*see Matter of Frances M. v Jorge M.*, 99 AD3d 407, 408 [1st Dept 2012], *lv denied* 20 NY3d 854 [2012]).

The Family Court properly considered the appropriate factors in making its determination, and gave appropriate weight to the court-appointed forensic expert's testimony and recommendations in favor of granting the father custody (*see Matter of Cisse v Graham*, 120 AD3d 801, 806 [2d Dept 2014], *affd* 26 NY3d 1103 [2016]); to the children's expressed preference that they wished to remain with the father (*Eschbach*, 56 NY2d at 173); and to the evidence that the mother undermined and thwarted the children's relationship with the father, conduct clearly inconsistent with the children's best interests (*see William S. v Tynia C.*, 283 AD3d 327 [1st Dept 2001]).

We have considered the mother's remaining arguments and find them unavailing. Concur—Renwick, J.P., Richter, Manzanet-Daniels, Feinman and Kapnick, JJ.