Matter of Keoshia R. v Lamont D. (2021 NY Slip Op 01217)





Matter of Keoshia R. v Lamont D.


2021 NY Slip Op 01217


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Acosta, P.J., Renwick, Singh, Mendez, JJ. 


Docket No. V-16774/16, V-21343/16 Appeal No. 13197 Case No. 2020-03063 

[*1]In the Matter of Keoshia R., Petitioner-Appellant,
v
Lamont D., Respondent-Respondent.


Anne Reiniger, New York, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Rachel J. Stanton of counsel), attorney for the child.



Order, Family Court, Bronx County (Ariel D. Chesler, J.), entered on or about June 29, 2020, which, after a hearing, awarded respondent father sole physical and legal custody of the subject child, and denied petitioner mother's petition for custody and permission to relocate with the child to St. Croix, unanimously affirmed, without costs.
The court's determination that the award of sole legal and physical custody to the father would serve the best interests of the child has a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982], citing Domestic Relations Law § 70). The child has lived with the father since 2016, and he takes care of the child's physical, emotional, educational and medical needs (see Melissa C.D. v Rene I.D., 117 AD3d 407, 408 [1st Dept 2014]). Prior to that time, the father visited the child nearly every day and shared responsibility for meeting the child's needs with the mother and maternal family.
The parties' testimony established that the father is better equipped than the mother to address the child's educational, emotional, and material needs (see Matter of David H. v Khalima H., 111 AD3d 544 [1st Dept 2013], lv dismissed 22 NY3d 1149 [2014]). The record also shows that the father is more willing to facilitate the child's relationship with the noncustodial parent (see e.g. Matter of Joane H. v Felix P., 160 AD3d 552 [1st Dept 2018]).
The court also properly denied the mother's request to relocate with the child to St. Croix as she failed to establish an overall educational, economic or emotional benefit to the child sufficient to outweigh the detrimental impact on the quality of the child's relationship with his father and extended family that would result from relocation (see Salena S. v Ahmad G., 152 AD3d 162, 163 [1st Dept 2017]; see also Matter of Tropea v Tropea, 87 NY2d 727, 736 [1996]). Notably, the child expressed his desire to remain in New York with his father.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021