Matter of Paul D. v Margarita O. (2024 NY Slip Op 02499)

Matter of Paul D. v Margarita O.

2024 NY Slip Op 02499

Decided on May 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 07, 2024

Before: Webber, J.P., Moulton, Friedman, González, Mendez, JJ. 

Docket No. V-8426/21, V-8426-21/22A, V-8246-23/22B Appeal No. 2210 Case No. 2023-04395 

[*1]In the Matter of Paul D., Respondent,
v
Margarita O., Respondent-Appellant.
In the Matter of Margarita O., Appellant,
v
Paul D., Respondent-Respondent.

Geoffrey P. Berman, Larchmont, for appellant.
Vivan E. Ferreiro, New York, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.

Order, Family Court, Bronx County (E. Grace Park, J.), entered on or about August 30, 2023, which, to the extent appealed from as limited by the briefs, after a hearing, granted the father sole legal and physical custody of the parties' child with visitation to the mother, unanimously affirmed, without costs.
The court's determination that the award of sole legal and physical custody to the father would serve the best interests of the child has a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Domestic Relations Law § 70). The credible evidence shows that, although the child resided with the mother for the first year of her life, during which time the father was unaware she existed, the father has been the child's primary caregiver since she was removed from the mother's care by the Administration for Children's Services for failure to provide the child with proper supervision and guardianship.
Since that time, the father has provided the child with a stable and loving home and meets all of the child's physical, emotional, and medical needs (see Matter of Keoshia R. v Lamont D., 191 AD3d 614, 615 [1st Dept 2021]). The parties' testimony established that the father is better equipped than the mother to meet the child's needs (id.). The mother has failed to keep current with court-ordered visitation and has had minimal contact with the child (see Matter of Jose R. v Diomara L.,199 AD3d 428, 429 [1st Dept 2021]).
While the parties had an acrimonious relationship, the record establishes that the father is more willing to facilitate the child's relationship with the noncustodial parent (see Matter of Keoshia R. v Lamont D., 191 AD3d at 615). The parties' primary means of communication has been though a parenting app, which preserves users' texts. The mother's texts were frequently hostile and insulting. The mother also was uncooperative in scheduling pickups and drop-offs, and in planning for the child's needs. Accordingly, the record supports Family Court's finding that the mother's behavior precludes joint custody (see Lubit v Lubit, 65 AD3d 954, 955, [1st Dept 2009], lv denied 13 NY3d 716 [2010], cert denied 560 US 940[2010]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2024