Matter of P.J.B. v T.E.B. (2025 NY Slip Op 05033)

Matter of P.J.B. v T.E.B.

2025 NY Slip Op 05033

Decided on September 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 23, 2025

Before: Moulton, J.P., Mendez, O'Neill Levy, Michael, Chan, JJ. 

Docket No. V-14779-80-18/18A|Appeal No. 4699|Case No. 2024-00349|

[*1]In the Matter of P.J.B. Petitioner-Respondent,
v
T.E.B., Respondent-Appellant.

Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel) for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child S.B.
Steven P. Forbes, Huntington, attorney for the child T.B.

Order, Family Court, New York County (Jessica M. Forman, R.), entered on or about January 16, 2024, which granted petitioner mother sole legal and physical custody of the subject children and granted respondent father visitation with the younger child, unanimously affirmed, without costs.
This appeal is moot as to the parties' older child, who reached the age of majority shortly after Family Court rendered its decision (Matter of Ivan R. v Lisandra F., 188 AD3d 543, 543 [1st Dept 2020]).
Family Court's decision to modify a prior order granting the parties joint custody and to award sole legal and physical custody of the younger child to the mother is supported by a sound and substantial basis in the record (see Matter of Keoshia R. v. Lamont D., 191 AD3d 614, 615 [1st Dept 2021]). The mother has shown a change of circumstances, as both children have lived exclusively with her since at least January 2018, and she has managed all their medical and educational needs since then (see Tsung v Tso, 190 AD3d 575, 576 [1st Dept 2021]). The record does not support the father's assertion that the mother alienated him from the children (see Matter of D.P. v N.T., 183 AD3d 447, 448 [1st Dept 2020], lv denied 35 NY3d 1078 [2020]).
The parties' testimony established that it was in the best interests of the younger child for the mother to have sole legal and physical custody, as she took care of the child's educational and health needs, including by enrolling her in school, managing all her doctor's visits, and taking her to see a therapist when the need arose (see Matter of Adekunle D.D. v Luxury M.D., 234 AD3d 585, 586 [1st Dept 2025]). The father, on the other hand, was often late and inconsistent in visiting the child, and he had no contact with the child's medical providers or teachers (see id.).
In addition, the mother testified that she and the father were no longer capable of successfully navigating a joint legal custodial arrangement, as the father rarely responded to emails and did not respond to texts (see Matter of Liliana C. v Jose M.C., 128 AD3d 496, 496-497 [1st Dept 2015]). Finally, the child, who is now 13 years old, expressed her preference to live with the mother and have visitation with the father (see Matter of Ricardo S. v Carron C., 91 AD3d 556, 556 [1st Dept 2012]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 23, 2025